UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RICHARD WAYNE McELHANEY,

    Plaintiff,

v.                                          3:05-cv-475

STATE OF TENNESSEE,
WARDEN JIM WORTHINGTON,
and CORRECTIONAL MEDICAL SERVICES,

    Defendants.

## MEMORANDUM OPINION

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. There is presently pending before the court the defendants' motion to dismiss, and plaintiff's response thereto, as well as various non-dispositive motions filed by the plaintiff. For the following reasons, the court finds this action should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies, and the defendants' motion to dismiss will be **GRANTED** for that reason. All other remaining motions will be **DENIED** as **MOOT**.

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Porter v. Nussle*,

534 U.S. 516 (2002); *Hartsfield v. Vidor*, 199 F.3d 305, 308-309 (6th Cir. 1999); *Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). *See also Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001) ("We note, however, that, while it is true we have concluded § 1997e does not impose a jurisdictional bar to federal jurisdiction, we have also concluded that the obligation to exhaust administrative remedies before resort to federal court is a mandatory one.") (citations omitted).

In order to demonstrate that he has exhausted his administrative remedies, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner cannot simply state in his complaint that his claims have been exhausted. *Id*. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id*.

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC). His complaint alleges a denial of medical treatment for a life-threatening condition, specifically hepatitis. In the complaint, plaintiff claimed he repeatedly presented the facts relating to his complaint through the State prisoner grievance procedure. He attached as Exhibit A to the complaint the purported responses by the TDOC to the grievances

plaintiff claims to have filed. Exhibit A, however, contains copies of TDOC Inmate Inquiry - Information Request forms filed by plaintiff regarding his medical treatment. Apparently, plaintiff submitted these forms to the prison authorities instead of filing a grievance with respect to his alleged lack of medical treatment.

Based upon the foregoing, the defendants move to dismiss the complaint for failure to exhaust administrative remedies. In response to the motion to dismiss, plaintiff accuses the defendants of "procedural chicanery" and asserts that he has exhausted his remedies as required by the PLRA. This court disagrees.

A prisoner who fails to follow the correctional facility's grievance procedures cannot demonstrate exhaustion of administrative remedies. *See Williams v. Moore*, 34 Fed.Appx. 475, 2002 WL 927003 (6th Cir. May 7, 2002) (unpublished decision); *Black v. Tarver*, 21 Fed.Appx. 285, 2001 WL 1298995 (6th Cir. August 9, 2001) (unpublished decision). Plaintiff did not attach to his complaint copies of any grievances filed regarding his alleged lack of medical care.

> This Court has held that in order to meet the exhaustion requirement of the PLRA, a prisoner must either attach a copy of his prison grievance forms to the complaint or state the nature of the remedies pursued and the result of each process. Jones stated in his complaint that he had exhausted his administrative remedies. However, he neither attached the grievance forms to his complaint nor described the remedies he pursued and the outcome.

*Jones v. Bock*, 135 Fed.Appx. 837, 839 (6th Cir. 2005) (citations omitted). *See also McCallum v. Gilless*, 38 Fed.Appx. 213, 215, 2002 WL 449847 *1 (6th Cir. 2002) ( "McCallum indicated that he filed a written grievance to a counselor and talked to jail officials and medical staff, but did not attach copies of any grievances or appeals or

describe the outcome of any administrative proceeding. Thus, his complaint was subject to dismissal without prejudice.").

In addition, it is necessary that "a prisoner file a grievance against the person he ultimately seeks to sue." *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir.2001). *See also Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003) (prisoner must demonstrate that he has exhausted the administrative remedies with respect to each individual he intends to sue). In this case, plaintiff's Inmate Inquiry - Information Request forms regarding his medical treatment were addressed only to Warden Jim Worthington. The State of Tennessee and Correctional Medical Services are named as defendants to this action, as well as Warden Worthington.

Under the circumstances, plaintiff has failed to demonstrate exhaustion of remedies. Accordingly, the defendants' motion to dismiss will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. All other remaining motions will be **DENIED** as **MOOT**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                    s/ James H. Jarvis
                                                  United States District Judge